IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TERRIE EVANS                          :        CIVIL ACTION
                                      :
        v.                            :
                                      :
LANCASTER BIBLE COLLEGE, et al.       :
                                      :        NO.    25-5826

## MEMORANDUM AND ORDER

CAROLINE GOLDNER CINQUANTO, U.S.M.J.                   February 11, 2026

Plaintiff Terrie Evans ("Plaintiff") alleges that her former college and two

professors violated both federal law and Pennsylvania common law by not

accommodating her request for an extension of time to complete her coursework.

Defendants now move to dismiss Plaintiff's common law claims, as well as her federal

claims against the defendant professors. Because I agree that Plaintiff has failed to state

claims under common law or against the defendant professors under federal law, those

claims will be dismissed with leave to amend. Plaintiff's federal claim against the

college, which was not subject to this motion, will remain.

## I.     FACTUAL ALLEGATIONS

Plaintiff alleges essentially as follows. Plaintiff was a student at Lancaster Bible

College ("LBC") pursuing a teaching degree. Doc. 1 ¶ 7.[1] Plaintiff was due to complete

her coursework in the spring semester of 2025 and begin her student teaching

requirement thereafter. Id. Plaintiff enrolled in an online health and physical education

---

[1]Pinpoint citations to the briefs in the case are to the court's ECF pagination,
except that I will refer to specific paragraphs or counts of the Complaint.

course, HPE-530, taught by Professors Thomas Randolph and Gwen Shenk.  Id. ¶¶ 3-4.

During that semester, Plaintiff suffered a concussion and then fell ill with the flu.  Id. ¶ 7.

She submitted a doctor's note to LBC's student disability office and to Randolph and

Shenk, requesting that she receive extensions to complete her work due to her health

issues.  Id. ¶¶ 11-12, 37.  Plaintiff did not receive any definitive response from Randolph

or Shenk regarding deadlines for her assignments in HPE-530.  Id. ¶ 14.  The course

syllabus was unclear regarding the extension policy.  Id. ¶ 7.  Plaintiff failed the course

due to the significant deductions she received for submitting late assignments.  Id. ¶ 15.

Plaintiff received extensions, and ultimately passing grades, in each of her other courses.

Id. ¶ 13.  On April 30, 2025, Shenk sent Plaintiff an email stating that Shenk "thought the

88% you received was a respectable grade, but the late penalty is what brought it down."

Id. ¶ 54 (quoting Doc.1-2 at 8).  On May 1, 2025, Randolph sent Plaintiff an email stating

that "[t]he learning management system automatically applies late penalties and closes

assignments after a certain period."  Id. ¶ 47 (quoting Doc. 1-2 at 6).  Plaintiff's appeal of

her failing grade in HPE-530 was denied.  Id. ¶ 40.  The denial letter stated, in part, "[t]he

evidence the committee reviewed demonstrates that your professors provided leniency

during the first two weeks of the course, beyond the typical assignment submission

policy."  Id. ¶ 40 (quoting Doc. 1-2 at 4).  Plaintiff's appeals process did not include a

hearing, though she does not allege that LBC's policies entitled her to one.  Id. ¶ 22.  Due

to her failing grade in HPE-530, Plaintiff was unable to student teach.  Id. ¶ 7.

Plaintiff brings this action against LBC, Randolph, and Shenk.  Count I alleges

breach of contract and equitable estoppel against all defendants.  Count II is a common

law due process claim against all defendants. Counts III, IV, and V allege violations of the ADA against the college and the individual professors for failing to give Plaintiff reasonable accommodations. Each of the two individual defendants is named in separate ADA counts. All other counts, including the third ADA count, are alleged against all defendants.

## II.    LEGAL STANDARDS

Defendants' motion is governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (emphasis added). Though plausibility does not require pleading "detailed factual allegations," a complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 555 (citation omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. Garrett v. Wexford Health, 938 F.3d 69, 92 (3d Cir. 2019) (quoting Iqbal, 556 U.S. at 678-79). Even looking at the complaint in a light most favorable to the plaintiff, the factual allegations must go beyond speculation. Twombly, 550 U.S. at 555.

3

### III.   **DISCUSSION**

Defendants move to dismiss Plaintiff's breach of contract and equitable estoppel claims, her common law due process claim, and her ADA claims against individual Defendants Randolph and Shenk.  Each of the Defendants' arguments are addressed in turn.

### A.   **Plaintiff Does Not State a Breach of Contract Claim**

Count I includes a breach of contract claim.  Pennsylvania law defines the relationship between a student and a private university as contractual, "the contract being comprised of the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of his or her enrollment in the institution."  David v. Neumann Univ., 187 F. Supp. 3d 554, 558 (E.D. Pa. 2016) (internal quotations omitted) (quoting Swartley v. Hoffner, 734 A.2d 915, 919 (Pa. Super. Ct. 1999)).  A student plaintiff must allege the essential elements of a breach of contract claim (the existence of a contract, defendant's breach, and resulting damages) as well as a "specific and identifiable promise that the school failed to honor."  Vurimindi v. Fuqua Sch. of Bus., 435 F.App'x. 129, 133 (3d Cir. 2011) (per curiam) (nonprecedential); see also David, 187 F. Supp. 3d at 558-59 (dismissing breach of contract claim against college because plaintiff did not specifically identify the disputed terms or a breach); see also Bradshaw v. Pa. State Univ., Civ. No. 10–4839, 2011 WL 1288681, at *2 (E.D.Pa. Apr. 5, 2011) (dismissing breach of contract claims against college because plaintiff did not identify provisions of the student handbook that college allegedly breached).

Therefore, to state a claim, the student "must point to specific undertakings in the contract that were not provided." David, 187 F. Supp. 3d at 558.

Plaintiff's Complaint does not identify or attach any specific contractual obligations or sources of such contractual obligations. Doc. 1 ¶¶ 8-16. The Complaint attaches only Plaintiff's doctor's note, the letter denying her appeal, and emails from both individual Defendants, discussing why Plaintiff failed HPE-530. See Doc. 1-2. In subsequent briefing, Plaintiff attempts to meet her burden by stating that she "reasonably expected individualized consideration consistent with [procedures for requesting accommodations]," Doc. 17 at 10, or that the "policies underscoring the learning management systems used by LBC" which "mandate uniform treatment of students, in conjunction with the exhibits cited in the Complaint" are a source of contractual obligations. Doc. 21 at 3. However, even if these non-specific allegations were sufficient, Plaintiff's Complaint would remain deficient, because they are not reflected in the Complaint. Therefore, this Court will dismiss Plaintiff's breach of contract claim.[2]

**B.** **Plaintiff Fails to State an Equitable Estoppel Claim**

Count I also alleges a claim for equitable estoppel. Equitable estoppel is a doctrine that "prevents one from doing an act differently than the manner in which

---

[2]In the first count of the Complaint, Plaintiff alleges "breach of contract and fair dealing." Doc. 1 ¶ 8. It is unclear if Plaintiff intended to bring a claim for breach of the duty of good faith and fair dealing as a standalone claim separate from her breach of contract claim. If so, this Court notes that, under Pennsylvania law, the breach of the duty of good faith and fair dealing claim would be subsumed by Plaintiff's breach of contract claim. Greenwald Caterers Inc. v. Lancaster Host, LLC, 599 F. Supp. 3d 235, 260 (E.D. Pa. 2022) (citing Burton v. Teleflex Inc., 707 F.3d 417, 432 (3d Cir. 2013)).

another was induced by word or deed to expect." <u>Zamos v. McNeil-PPC, Inc.</u>, Civ. No. 16-5038, 2017 WL 68577, at *5 (E.D. Pa. Jan. 5, 2017) (quoting <u>Novelty Knitting Mills Inc., v. Siskind</u>, 456 A.2d 502, 503 (Pa. 1983).  Defendants' arguments, which use equitable estoppel and promissory estoppel interchangeably, largely turn on Plaintiff's failure to allege inducement or justifiable reliance.  Doc. 12 at 4-6, Doc. 18 at 5-6.  Both parties have overlooked a fundamental, fatal flaw in Plaintiff's claim.

Plaintiff's equitable estoppel claim is legally deficient, because equitable estoppel is not an independent cause of action.  <u>Zamos</u>, 2017 WL 68577, at *6.  Pennsylvania law is clear that equitable estoppel is a wholly defensive doctrine, which can be raised only as an affirmative defense.  <u>Id.</u>  (collecting cases), <u>see</u> <u>also</u> <u>Carlson v. Arnot-Ogden Mem'l Hosp.</u>, 918 F.2d 411, 416 (3d Cir. 1990) ("Equitable estoppel is not a separate cause of action.")  Therefore, I will dismiss Plaintiff's equitable estoppel claim, with leave to amend if Plaintiff desires to raise a promissory estoppel claim.[3]

**C.**     **<u>Plaintiff Fails to State a Claim for Violation of Common Law Due Process.</u>**

Defendants next move to dismiss Plaintiff's common law due process claim.  Doc. 12 at 6-7.  Private universities, unlike state universities, are not required to "endow their

---

[3]I note that, if I were to construe Plaintiff's existing Complaint as attempting to raise a promissory estoppel claim, that claim would fail.  Under Pennsylvania law, a promissory estoppel claim requires an allegation that the defendant made "an express promise" on which plaintiff detrimentally relied.  <u>See</u> <u>Zamos</u> at *5.  "A broad or vague implied promise will not suffice."  <u>Id.</u> (quoting <u>Burton Imaging Grp. v. Toys "R" Us, Inc.</u>, 502 F. Supp. 2d 434, 439 (E.D. Pa. 2007)).  Plaintiff concedes that she "<u>did not receive any definitive response</u> from Professors Randolph or Shenk in HPE-530 regarding deadlines for assignments."  Doc. 1 ¶ 14 (emphasis added).  Thus, there was no promise of an extension on which Plaintiff relied.

students with [] constitutional due process protections." Voltarelli v. Immaculata Univ., 614 F. Supp. 3d 158, 165 (E.D. Pa. 2022) ("Voltarelli II").  In subsequent briefing, Plaintiff asserts that LBC is a quasi-public private professional organization or accreditation association, with heightened due process duties.  Doc. 17 at 13.  Plaintiff cites no authority in support of her claim that LBC is such an organization merely because Plaintiff was seeking a teaching certification or state license upon graduation. Doc. 17 at 13 (internal brackets omitted), quoting McKeesport Hosp. v. Accreditation Counc. for Grad. Med. Educ.  24 F.3d 519, 534-35 (3d Cir. 1994).  Therefore, the Court will consider Plaintiff's claim a common law due process claim against a private university.

During disciplinary proceedings, a private university student is entitled to only "those procedural safeguards which the school specifically provides." Voltarelli II, 614 F. Supp. 3d at 166.  The only requirement is that the procedures provided must be "fundamentally fair." Id.  (citing Psi Upsilon of Phila. v. Univ. of Pa., 404 Pa.Super. 604, 591 A.2d 755, 758 (1991); see also Kimberg v. Univ. of Scranton, 411 F. App'x 473, 481 (3d Cir. 2010) (procedures provided must be fundamentally fair).  Students are afforded even less protection in the context of academic decision making, in which schools have "broad" discretion. Voltarelli v. Immaculata Univ., No. Civ. 21-1068, 2021 WL 5823005, at *3 (E.D. Pa. Dec. 8, 2021) ("Voltarelli I") (dismissing an academic common law due process claim for failing to allege an abuse of discretion and a specific contractual obligation).  "Courts will not interfere in a school's academic decision[]making absent an abuse of discretion." Id.  To raise an abuse of discretion

7

claim, Plaintiff must allege a specific contractual obligation that Defendants owed her and an abuse of their discretion regarding that term.  Id.  Here, while the parties disagree about whether Defendants' actions were disciplinary or academic, Plaintiff has failed to sufficiently allege a due process violation, regardless of the categorization.

Plaintiff claims she was "constructively discharged" from LBC's teaching program by her failing grade in HPE-530, that LBC never provided her with a final decision about her request for an extension, that she was not given an opportunity to respond before she was penalized with the failing grade, and that she was not given a hearing concerning her appeal of her grade.  Doc. 1 ¶¶ 22-23.  In briefing, Plaintiff casts the failing grade as a disciplinary, not academic, decision.  See Doc. 17 at 13.  However, Plaintiff does not allege any policy entitling her to the procedural safeguards she seeks or that she was subject to fundamental unfairness.  See Doc. 1.  If cast as an academic decision, the claim fares no better. Plaintiff has not alleged an abuse of discretion or a specific contractual obligation, as required to make such a claim.  Accordingly, Plaintiff's common law due process claim must be dismissed with leave to amend.

**D.      Plaintiff Fails to State an ADA Claim against the Individual Defendants**

Defendants next move to dismiss Plaintiff's ADA claims against Defendants Randolph and Shenk.  Doc. 12 at 8.  Defendants argue that Plaintiff has failed to allege that Randolph and Shenk can be held individually liable under Title III of the ADA.  Id. Counts IV and V do not identify a cause of action, but each count alleges that the individual defendant "failed to give plaintiff a reasonable accommodation[.]"  Doc. 1 ¶¶ 48, 55.  Plaintiff, in briefing, has not clarified what cause of action she intends to bring, if

not a Title III ADA claim.  See Docs. 17, 21.  Therefore, this Court will consider these counts as Title III claims.

Plaintiff alleges only that each individual defendant is a professor and employee of LBC.  Doc. 1 ¶¶ 3 (Randolph is a "professor employed at [LBC],") 4 (Shenk is a "professor employed at [LBC],"44 (Count IV, against Randolph), 51 (Count V, against Shenk).  Individual defendants may be liable under Title III of the ADA if they "own, lease, or operate" a place of public accommodation.  Emerson v. Thiel Coll., 296 F.3d 184, 189 (3d Cir. 2002) (affirming dismissal of individual defendants in an ADA Title III claim on grounds that individuals did not operate college); 42 U.S.C. § 12182(a); see also Sapp v. Premier Educ. Grp., Civ. No. 15-8591, 2016 WL  6434137 at *6 (D. N.J. Oct. 28, 2016) (same).  The Third Circuit has applied the ordinary meanings of "operate," including to "control or direct the functioning of" and "to conduct the affairs of" in interpreting this statute.  Id.  Plaintiff does not allege that either individual defendant owns, leases, or operates LBC.  See Doc. 1.  Plaintiff's complaint is devoid of these critical legal and factual allegations needed to support a claim of failure to accommodate against either Randolph or Shenk.  Therefore, I will dismiss Counts IV and V in their entirety, and dismiss Count III as against Defendants Randolph and Shenk.[4]

---

[4]On reply, Defendants requested that I dismiss Defendants Randolph and Shenk from this case in its entirety.  Doc. 18 at 12-13.  Plaintiff failed to address this argument in subsequent briefing.  Doc. 21.  As I am dismissing all other claims in which Defendants Randolph and Shenk are named on other grounds, I will not address this argument further.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Counts I, II, IV, and V are dismissed, and Count III is dismissed as to Defendants Randolph and Shenk.  Plaintiff will be granted leave to amend her complaint.  An appropriate Order follows.